## DINEEN v. UNITED STATES.
### No. 161.

Circuit Court of Appeals, Second Circuit.
Feb. 6, 1946.

Samuel Markowitz, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

## PER CURIAM.

The appellant is the successor liquidator of Lawyers Mortgage Company, a New York corporation chartered to examine and guarantee titles to real property, to guarantee bonds and mortgages, and to invest in, purchase and sell evidences of indebtedness. He brought this suit in the District Court for the Southern District of New York to recover $126,576.12 of the income taxes which the corporation had paid. for the calendar year 1931 and has appealed from a judgment entered for the defendant after trial by court. 60 F.Supp. 37. Such taxes were assessed upon what are called lending fees and extension fees on which the corporation would, we will assume, not have been taxable under § 204 of the Revenue Act of 1928, 26 U.S.C.A. Int. Rev.Acts, page 412, had it, as the appellant contends, been an insurance company, other than life or mutual, in the taxable year involved.

It was held in Bowers v. Lawyers Mortgage Co., 285 U.S. 182, 52 S.Ct. 350, 76 L. Ed. 690, that during its fiscal years ending June 20, 1922 and June 30, 1923, when that part of its business which was insurance brought in about one-third of its total income, this corporation was not an insurance company taxable only as such under the corresponding statute then in force. As was said at page 189 of 285 U.S., at page 353 of 52 S.Ct.: "The lending fees, extension fees, and accrued interest appertain to the business of lending money rather than to insurance and may not reasonably be attributed to the subordinate element of guaranty in respondent's mortgage loan business. The so-called premiums amount to about one-third of total income, but they cover agency and other services which generally are not performed under contracts of insurance. There is no showing that these amounts do not include profit arising from such sales or that they are justly chargeable or were intended to apply only to the risks covered. Respondent has not established any basis upon which the interest so retained may reasonably be charged or apportioned to the element of insurance involved in such transactions." That decision is now controlling unless this case is distinguishable.

■ It was shown that the general nature of the business of the corporation during 1931 was the same as it had been in 1922 or 1923 but that in 1931 the proportionate amount of what should be called its premium income was much larger than it had been in either 1922 or 1923, the receipts from lending and extension fees being $1,054,801.12 and its so-called premiums being $2,051,721.67 out of a total gross income of $4,267,343.55. Because of this, the plaintiff argues that its over-all character in 1931 was that of an insurance company and it finds some support for that contention in the example found in T. R. 111, § 29.3797-7. However, the test which determines the taxability of the corporation on the various items of income it received is not whether the term "insurance company" aptly described the corporation itself because of the proportionate amount of its gross or net income received from activity properly classified as insurance. Instead, as shown by the Bowers case, supra, it is the character of the business it did to produce the particular income taxed. 8 Mertens, Law of Federal Income Taxation (1942) §§ 44.04, 44.05.

■ There was no dispute as to the facts and the trial court correctly concluded that the character of the business of the corporation "during the year 1931 did not differ from the character of the business carried on by Lawyers Mortgage Company during the years 1922 and 1923." The type of income here taxed was the same as that held taxable in Bowers v. Lawyers Mortgage Co., supra, and the corporation had the same tax liability in 1931.

Judgment affirmed.